# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DANIEL L. HALL,**

    **Petitioner,**

**v.**                                        **Case No. 5:15cv51**
                                              **(Judge Stamp)**

**MARVIN C. PLUMLEY, JIM RUBENSTEIN,**
**JOHN MURPHY, BRYAN LANHAM,**
**MICHAEL SMITH, JOSEPH WOLFE,**
**DIANA MILLER,**

    **Respondents.**

## REPORT AND RECOMMENDATION

On April 29, 2015, the Clerk of Court received a document from Petitioner, acting *pro se*, which was styled a Petition for Writ of Mandamus and captioned in the Supreme Court of Appeals of West Virginia. Although the document was not accompanied by any cover letter or explanation, it was used to open a Writ of Mandamus on Petitioner's behalf. On April 30, 2015, the Clerk of Court sent Petitioner a Notice of Deficient Pleading which advised Petitioner that he had twenty-one days in which to file his Petition on this Court's approved form and pay the $400.00 filing fee or submit an Application/Motion to Proceed *in forma pauperis*. On May 11, 2015, the Clerk of Court received a letter from Petitioner expressing his confusion. From the letter, it appeared that Petitioner did not intend to file a Writ of Mandamus with this Court, but instead intended the document to be filed as an exhibit in one of his other cases filed with this Court.[1] However, because it was not absolutely clear as to Petitioner's intent, the Court

---

[1] The undersigned notes that Petitioner has filed five civil rights cases with this Court since November 14, 2014. Briefly summarized, the complaints allege failure to protect, denial of religious rights, release of confidential information, sexual assault by a guard, and cruel and unusual punishment. In each complaint he seeks immediate release from the custody of the West Virginia Division of Corrections and in four of the complaints he also seeks monetary damages.

declined to dismiss this action, and instead, issued an Order on May 13, 2015, advising Petitioner that this matter would be dismissed if he failed to comply with the Notice of Deficient Pleading by June 1, 2015. On May 26, 2015, Petitioner complied with the Notice of Deficient Pleading. Accordingly, this case is now pending before the undersigned for a Report and Recommendation.

Petitioner is presently incarcerated at the Huttonsville Correctional Center, serving a sentence for incest imposed by the Circuit Court of Mason County on October 19, 2009. The original Petition appears to be a copy of a document filed in the Supreme Court of Appeals of West Virginia (the "SCAWV") and cites West Virginia law. The Petition notes that DOC officials are denying his right to protection and as a result he was attacked by an inmate at the Northern Correctional Facility. The Petition further notes that he has been moved to a non-protective custody facility, and he fears for his life. Petitioner concludes by stating that he requests immediate discharge from DOC custody. In this Court's approved form, Petitioner reiterates the claims in the original document and again asks for immediate release from custody.

Title 28, United States Code, Section 1361, provides as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee <u>of the United States or any agency thereof</u> to perform a duty owed to the plaintiff.

28 U.S.C. § 1361 [Emphasis added].

A writ of mandamus "will issue only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Central South Carolina Chapter, Soc. of Professional Journalists, Sigma Delta Chi v. United States District Court for the District of South Carolina*, 551 F.2d

559, 562 (4th Cir. 1977). To the extent that Petitioner is seeking mandamus relief, he is asking a federal court to order a state agency or its officials to act in a particular manner. A federal writ of mandamus will not lie to compel a state officer to perform a duty owed to a petitioner.

Furthermore, to the extent that the petitioner is seeking immediate release from custody, such relief must be sought through a writ of habeas corpus. Such action by a state prisoner must be pursued through a petition for a writ of habeas under 28 U.S.C. § 2254 in the United States District Court with jurisdiction in the county in which the prisoner was convicted, after exhaustion of available state court remedies.

Although the petitioner has filed several civil actions under 42 U.S.C. § 1983, it does not appear that the petitioner ever filed a section 2254 habeas corpus petition in the United States District Court for the Southern District of West Virginia, which is the court with jurisdiction over Mason County. It further appears that any such petition might now be untimely under section 2244(d)(1).

Based on the foregoing, the undersigned proposes that the presiding District Judge **FIND** that there is no jurisdiction for this United States District Court to issue a writ of mandamus against any state officials as requested by Petitioner in his petition. For the foregoing reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's Petition for a Writ of Mandamus as being legally frivolous and failing to state a claim upon which relief can be granted. It is further **RECOMMENDED** that Petitioner's Motion for Leave to Proceed *in forma pauperis* be **DENIED AS MOOT.**

Within fourteen (14) days after being served with a copy of this Recommendation, Petitioner may file with the Clerk of the Court, written objections identifying the portions of the

Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp. Jr., United States District Judge.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the district court and a waiver of appellate review by the circuit court of appeals. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989) *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984) *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of the Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Dated: May 29, 2015

/s Robert W. Trumble
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE