IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DANIEL L. HALL,

    Petitioner,

v().                                                     Civil Action No. 5:15CV51
                                                                         (STAMP)

MARVIN C. PLUMLEY,
JIM RUBENSTEIN,
JOHN MURPHY, BRYAN LANHAM,
MICHAEL SMITH, JOSEPH WOLFE,
and DIANA MILLER,

    Respondents.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The *pro se*[1] petitioner filed a petition for writ of mandamus in this Court captioned "Supreme Court of Appeals of West Virginia." In his petition, the petitioner asserts a deliberate indifference claim.

This petition was referred to United States Magistrate Judge Robert W. Trumble for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. The petitioner was then sent a notice of deficient pleading because his petition was not filed on a court approved form. The petitioner responded that he was confused by the notice and that he did not

---

[1] "*Pro se*" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

understand why he had a new case and why he had to transfer the information to the court approved form. The petitioner was then advised that his case would be dismissed if he did not comply with the notice of deficient pleading. The petitioner then complied and filed a motion to proceed in forma pauperis ("IFP").

Magistrate Judge Trumble entered a report recommending that the petition be denied and dismissed with prejudice based upon his finding that a writ of mandamus is not available to this petitioner as a vehicle by which to obtain the relief sought.

## II. Facts

In his petition, the petitioner argues that he is not being protected from other inmates even though threats have been made to his life. He requests immediate discharge from Huttonsville Correctional Center ("HCC"), where he is currently housed.

In his report and recommendation, the magistrate judge found that this Court lacks jurisdiction to hear the petitioner's claim because a federal writ of mandamus cannot be used to compel a state officer to perform a duty owed to the petitioner. Additionally, the magistrate judge found that the petitioner's request for immediate release must be made through a writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, the magistrate judge noted that such a petition is likely untimely. Thus, the magistrate judge recommended that the petition be dismissed and the motion for IFP be denied as moot.

In his objections, the petitioner asserts that he needs counsel. Additionally, the petitioner argues that this Court should have instructed him on how to fix his petition so that it would not be found frivolous. The petitioner contends that this Court should not have provided him the forms in the notice of possible dismissal if it was just going to deny it as frivolous. Moreover, the petitioner asserts that a § 2254 petition would be untimely and thus he must proceed pursuant to a writ of mandamus. Finally, the petitioner contends that he has made valid claims.

For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge must be affirmed and adopted in its entirety, the petition must be denied and dismissed with prejudice, and the petitioner's motion to proceed <u>in forma pauperis</u> denied.

### III. <u>Applicable Law</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed <u>de novo</u>.

### IV. <u>Discussion</u>

A. <u>Jurisdiction</u>

In his report and recommendation, the magistrate judge held that this Court lacked jurisdiction to grant a writ of mandamus as

the petitioner was seeking relief from state officials. The United States Court of Appeals for the Fourth Circuit has made clear that federal courts lack "jurisdiction to grant mandamus relief against state officials[.]" In re Price, 340 F. App'x 139, 140 (4th Cir. 2009) (citing Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969)). As such, this Court agrees with the magistrate judge's finding that this Court cannot hear the petitioner's claims.

Additionally, if the petitioner is seeking immediate relief, such a claim should have been filed pursuant to 28 U.S.C. § 2254 which outlines federal remedies for persons under state custody. In order to pursue such a claim, the petitioner would have to file a separate action. However, as the magistrate judge noted it appears that the petitioner's claim would likely be untimely pursuant to 28 U.S.C. 2244(d)(1) which sets forth a one year statute of limitations for such claims and exceptions to that one year statute of limitations.

B. <u>Appointment of Counsel and Motion to Proceed IFP</u>

In his objections, the petitioner asserts that he needs counsel and that he has incorrectly sought relief because of such a need. Further, he argues that this Court should have directed him to file differently.

In contrast to a criminal proceeding in which the Court has a duty to assign counsel to represent an indigent defendant in

4

accordance with his constitutional rights, the Court in a civil case has the discretion to request an attorney to represent a person unable to employ counsel. See 28 U.S.C. §1915(e)(1). It is well settled that in a civil action, the Court should appoint counsel to represent an indigent only after a showing of a particular need or exceptional circumstances. Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). "The question of whether such circumstances exist in any particular case hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984).

Upon review of the petition, the undersigned is of the opinion that the petitioner has failed to show a particular need or exceptional circumstances that would require the assistance of a trained practitioner. The underlying claim is straightforward and does not require the assistance of counsel. Accordingly, to the extent the petitioner seeks appointment of counsel in his objections, the motion is denied. Moreover, this Court notes that it cannot provide legal advice to the petitioner and that it is not required to do so.

Finally, because this Court has found that it does not have jurisdiction over the petitioner's claim, it finds that the petitioner's motion to proceed in forma pauperis is moot.

V.  Conclusion

Having reviewed the magistrate judge's report and recommendation de novo, this Court hereby AFFIRMS and ADOPTS the report and recommendation in its entirety and the petitioner's objections are hereby OVERRULED.  Accordingly, the petitioner's petition for writ of mandamus is DENIED and DISMISSED WITH PREJUDICE.  The petitioner's motion to proceed in forma pauperis is DENIED.  It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within sixty days after the date of the entry of this judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    June 29, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE